UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

JON R. ADAMS,                    )
                                 )
        Plaintiff                )
                                 )
v.                               )    1:19-cv-00547-GZS
                                 )
MATTHEW MAGNUSSON, et al.,       )
                                 )
        Defendants               )

# DECISION AND ORDER ON PLAINTIFF'S
# OBJECTION TO DEFENDANTS' WAIVER OF REPLY

In this action, Plaintiff, formerly an inmate at the Maine State Prison and now an inmate at the Maine Correctional Center, alleges that Defendants, two corrections officers, failed to protect him from harm inflicted by another inmate while he was assigned to the prison. (Complaint, ECF No. 5-2.) This matter is before the Court on Plaintiff's objection to Defendants' waiver of their right to reply to Plaintiff's complaint pursuant to 42 U.S.C. § 1997e(g)(1). (Objection, ECF No. 20; Waiver, ECF No. 18).

Following a review of the parties' submissions and the record, the Court sustains Plaintiff's objection and orders Defendants to file a response to the complaint.

### FACTUAL AND PROCEDURAL BACKGROUND

In his verified complaint and in his declaration filed in support of his objection, Plaintiff alleges that after he was injured at the Maine Correctional Center, on August 6, 2019, he was transferred to the infirmary unit at the Maine State Prison. (Complaint ¶¶ 3-4; Declaration of Jon Robert Adams ¶ 1, ECF No. 22-1.) On August 26, another prisoner

was moved into Plaintiff's room in the infirmary. (Complaint ¶¶ 6-7.; Declaration ¶ 1.) Plaintiff contends that this prisoner is serving a life sentence for murder and is deemed to be a dangerous inmate by correctional personnel. (Complaint ¶¶ 7-9, 20; Declaration ¶ 4.)

Plaintiff and the other prisoner got into an argument, which culminated in the prisoner declaring to a nurse that unless he was removed from Plaintiff's room, he would kill Plaintiff. (Complaint ¶¶ 10-16; Declaration ¶ 2.) Plaintiff contends that the nurse immediately informed the infirmary officer of the threat, and the other prisoner was then moved to another room. (Complaint ¶¶ 17-19; Declaration ¶¶ 3, 5.) Plaintiff alleges that the officer logged the threat into the unit's log book. (Complaint ¶ 18; Declaration ¶ 3.)

On September 14, Defendant LeClair informed Plaintiff that the prisoner who threatened Plaintiff was being moved back into Plaintiff's room. (Complaint ¶ 21; Declaration, ¶ 5.) Plaintiff contends that he told Defendant LeClair of the other prisoner's prior threat. (Complaint ¶¶ 22, 23; Declaration ¶ 6.) Plaintiff alleges that Defendant LeClair said that another inmate was being transported into the infirmary and that Plaintiff did not have a choice in the matter. (Complaint ¶ 21, 24; Declaration ¶¶ 5, 7.)

After the other prisoner was moved back into Plaintiff's room, he and Plaintiff argued again. (Complaint ¶¶ 26-29; Declaration ¶¶ 9-13.) A correctional officer in the infirmary heard the raised voices and came into the room. (Complaint ¶ 30; Declaration ¶ 14.) Plaintiff told the officer about his argument with the other prisoner and about the other prisoner's earlier threat. (Complaint ¶ 31; Declaration ¶ 15.) The officer called his supervisor, Defendant Averill, who then came to Plaintiff's room. (Complaint ¶¶ 32-33; Declaration ¶¶ 16-17.) Plaintiff asserts that he then told Defendant Averill about the earlier

threat, and that it was not safe to have both the Plaintiff and the other prisoner in the same room. (Complaint ¶¶ 34-35; Declaration ¶¶ 17-21.) Plaintiff also contends that Defendants had access to the log book in which the earlier threat had been recorded. (Declaration ¶ 3.)

Defendant Averill allegedly told Plaintiff and the other prisoner to "knock [it] off," and said that he was not moving anyone. (Complaint ¶ 36; Declaration ¶¶ 22-23.) The same night, after Plaintiff fell asleep, the other prisoner stabbed Plaintiff with two ball point pens, injuring Plaintiff. (Complaint ¶¶ 37-39; Declaration ¶¶ 24-29.)

Plaintiff originally filed his complaint in state court. After it was removed to this Court and following a preliminary review in accordance with 42 U.S.C. §§ 1915 and 1915A, the Court dismissed claims against two defendants and allowed Plaintiff's claims against Defendants Averill and LeClair to go forward. (Recommended Decision, ECF No. 8; Order Affirming Recommended Decision, ECF No. 12.)

Upon service of the complaint on Defendants, Defendants waived their right to reply to Plaintiff's complaint pursuant to the Prison Litigation Reform Act, 42 U.S.C. § 1997e(g)(1), which provides:

> Any defendant may waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983 of this title or any other Federal law. Notwithstanding any other law or rule of procedure, such waiver shall not constitute an admission of the allegations contained in the complaint. No relief shall be granted to the plaintiff unless a reply has been filed.

A court, however, "may require any defendant to reply to a complaint brought under this section if it finds that the plaintiff has a reasonable opportunity to prevail on the merits." 42 U.S.C. § 1997e(g)(2).

3

## DISCUSSION

Pursuant to section 1997e(g)(1), "unlike in the typical civil case, defendants do not have to respond to a complaint covered by the PLRA until required to do so by the court, and waiving the right to reply does not constitute an admission of the allegations in the complaint." *Jones v. Bock*, 549 U.S. 199, 213-14 (2007). Section 1997e(g)(2) provides that a court may require a defendant to reply to a prisoner's complaint if it determines that the plaintiff "has a reasonable opportunity to prevail on the merits." The statute, however, "does not define this phrase, nor provide guidance as to how to proceed." *Fernandez v. Blodgett*, Civil Action No. 19-10160-NMG, 2019 WL 3253702, at *3 (D. Mass. July 18, 2019) (citing *Morgan v. Johnson*, Case No. 1:17-cv-206, 2019 WL 1370124, at *6 (W.D. Mich. Feb 26, 2019). More specifically, the statute does not

> explain what a Court must do to communicate its finding that the plaintiff has a reasonable opportunity to prevail on the merits; for example, it is unclear whether a specific finding of reasonable opportunity must enter or whether this finding can be made implicitly through an order requiring a response. Similarly, the statute does not explain the relationship between section 1997e(g)(2) and the frivolous review procedures outlined in section 1997e(c).

*Aaron v. Dyer*, Case No. 15-cv-11014, 2016 WL 1698399, at *1 (E.D. Mich. Apr. 28, 2016).

Courts have assessed section 1997e(g)(2) in a variety of contexts. In *Aaron*, for example, the court ordered in part that default judgment should enter against a defendant who had filed a waiver pursuant to section 1997e(g)(1). 2016 WL 1698399, at *1. The defendant moved for reconsideration and filed an answer to the plaintiff's complaint. *Id*. The court had earlier conducted an initial review of the plaintiff's complaint under section

1997e(c) and determined that it stated a cognizable claim, but the court had not explicitly stated that the plaintiff had "a reasonable opportunity to prevail on the merits" before the defendant filed his answer. *Id*. at 2. The court ultimately found, despite the "statutory vagueness and ambiguity" complicating its task, that the extraordinary remedy of default judgment was inappropriate, and granted the defendant's motion for reconsideration. *Id*.

In *Morgan*, the court dismissed the plaintiff's claims against an unrepresented defendant doctor, who had filed a waiver under section 1997e(g)(1) at the start of the litigation, in the context of granting summary judgment for other defendants. 2019 WL 1370124, at *2, *6-7. The court found first that the plaintiff failed to state a claim against the defendant doctor pursuant to the screening requirements of 28 U.S.C. § 1915(e)(2)(B), and second, "assuming that section 1997e(g)(2) applies independent of the screening requirements," that the plaintiff had failed to marshal any evidence supporting his claim against the defendant doctor. *Id*. at *7.

In *Fernandez*, the defendant filed a waiver and the plaintiff objected. 2019 WL 325370, at *3. The defendant argued the plaintiff's claim was barred by the Rooker-Feldman doctrine, which provides that the federal court lacks jurisdiction "where the losing party in state court file[s] suit in federal court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment." *Id*., (quoting *Tyler v. Supreme Judicial Court of Mass*., 914 F.3d 47, 50 (1st Cir. 2019)). While noting that the plaintiff had a "narrow avenue for relief" under a potential procedural Due Process claim, the court nevertheless provided the plaintiff the opportunity to amend his complaint to "clarify the narrow procedural facial

5

Due Process claim that he appear[ed] to be asserting." *Id*. at *4. The court determined that it would then review the amended complaint to determine whether the plaintiff had a "reasonable opportunity to prevail on the merits" under § 1997e(g)(2). *Id*.

Here, Plaintiff alleges that he was assigned to a room with a dangerous inmate who previously had made a threat to Plaintiff's life, and that Defendants were aware of the specific threat. To raise a genuine issue of liability for deliberate indifference under the Cruel and Unusual Punishment Clause of the Eighth Amendment, a plaintiff must demonstrate that he or she was "incarcerated under conditions posing a substantial risk of serious harm," and that the defendant "acted, or failed to act, with 'deliberate indifference to inmate health or safety.'" *Lakin v. Barnhart*, 758 F.3d 66, 70 (1st Cir. 2014) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1970)). In other words, a plaintiff must satisfy both an objective standard (substantial risk of serious harm) and a subjective standard (deliberate indifference) in order to prove a claim of deliberate indifference. *Kosilek v. Spencer*, 774 F.3d 63, 82 (1st Cir. 2014) (en banc). "[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847.

This Court has determined that Plaintiff's complaint sufficiently states an actionable claim against Defendants after a review in accordance with 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. In other words, the Court has determined that Plaintiff has alleged facts that could support a deliberate indifference finding. Even if section 1997e(g)(2) requires a higher scrutiny than a review under §§ 1915 and 1915A, Plaintiff's factual allegations, set

6

forth in a verified complaint and a sworn declaration, are uncontroverted at this stage of the proceedings and support the conclusion that Plaintiff has demonstrated that he has a "reasonable" chance to succeed on his claim.

## CONCLUSION

Based on the foregoing analysis, the Court sustains Plaintiff's objection to Defendants' waiver of reply to Plaintiff's complaint. Defendants shall file a response to Plaintiff's complaint within fourteen (14) days of the date of this order.

## **NOTICE**

Any objections to this order shall be filed in accordance with Federal Rule of Civil Procedure 72.[1]

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 8th day of April, 2020.

---

[1] Federal Rule of Civil Procedure 72(a) provides for a 14-day objection period. The Court, however, recently extended by 30 days any deadline between the date of the order (March 18, 2020) and May 1, 2020. (General Order 2020-2.)