UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

|  |  |
|---|---|
| JON R. ADAMS,<br><br>Plaintiff<br><br>v.<br><br>MATTHEW MAGNUSSON, et al,<br><br>Defendants | **1:19-cv-547-GZS** |

## ANSWER & DEMAND FOR JURY TRIAL

Defendants Thomas Averill and Matthew LeClair ("Defendants") now answer the Complaint (ECF No. 1-1), as ordered by the Court (ECF No. 27).

I.      In response to paragraph I of the Complaint, Defendants Averill and LeClair admit that this is a civil action and that Defendants Averill and LeClair are employed by the Maine Department of Corrections. Defendants Averill and LeClair further admit that Adams ("Plaintiff") was incarcerated at Maine State Prison during certain months of 2019. Defendants Averill and LeClair further admit that Plaintiff was transported from Maine State Prison to a hospital on September 15, 2019, after an incident in which one of Plaintiff's cellmates injured Plaintiff's eye. Defendants Averill and LeClair further admit that Plaintiff was immediately examined by medical staff and then transported to Pen Bay Medical Center. Defendants Averill and LeClair lack knowledge or information sufficient to form a belief as to Plaintiff's treatment and on that basis deny those allegations. The remainder of paragraph I is comprised of legal conclusions to which no response is required. To the extent a response is required, Defendants Averill and LeClair deny the remaining allegations in paragraph I.

1

In response to paragraph II of the Complaint, Defendants Averill and LeClair admit that this Court has jurisdiction over the complaint. Defendants otherwise deny the allegations in paragraph II.

In response to paragraph III(a) of the Complaint, Defendants Averill and LeClair admit that Plaintiff was incarcerated at Maine State Prison for certain months in 2019 and that Plaintiff's earliest custody release date is in 2021. Defendants Averill and LeClair otherwise deny the allegations in paragraph III(a).

In response to paragraph III(b) of the Complaint, Defendants Averill and LeClair admit that Randall Liberty is the Commissioner of the Maine Department of Corrections.

In response to paragraph III(c) of the Complaint, Defendants Averill and LeClair admit that Matthew Magnusson is the Warden of Maine State Prison.

In response to paragraph III(d) of the Complaint, Defendants Averill and LeClair admit that Defendant Averill is a sergeant at the Maine State Prison and is employed by the Maine Department of Corrections.

In response to paragraph III(e) of the Complaint, Defendants Averill and LeClair admit that Defendant LeClair is a correctional officer at Maine State Prison and is employed by the Maine Department of Corrections.

Paragraph III(f) of the Complaint consists of legal conclusions that require no response.

In response to paragraph IV of the Complaint, Defendants Averill and LeClair respond that whether or not Plaintiff exhausted his administrative remedies is a legal conclusion and requires no response. Defendants Averill and LeClair admit that Plaintiff filed a grievance regarding the incident in October 2019 and sent a document to the Attorney General's Office

2

regarding the September 15, 2019 incident to the Attorney General's Office. Defendants Averill and LeClair otherwise deny the allegations in Paragraph IV.

The majority of Paragraph V of the complaint consists of legal conclusions and case citations, which require no response. Defendants Averill and LeClair lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph V, and on that basis deny the allegations.

VI. Alleged "Factual Statement:"

1.      In response to VI(1) of the Complaint, Defendants Averill and LeClair admit that Plaintiff was sentenced on April 26, 2019, and that his earliest custody release date is in 2021. Defendants Averill and LeClair otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny them.

2.      In response to VI(2) of the Complaint, Defendants Averill and LeClair admit that Plaintiff entered Maine Correctional Center on April 29, 2019. Defendants Averill and LeClair otherwise deny the allegations in VI(2).

3.      In response to VI(3) of the Complaint, Defendants Averill and LeClair admit that while housed at Maine Correctional Center, Plaintiff was injured when he jumped from the second tier of a housing unit. Defendants Averill and LeClair lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in VI(3) and on that basis deny them.

4.      In response to VI(4) of the Complaint, Defendants Averill and LeClair admit that in August 2019, Plaintiff was housed in the infirmary at Maine State Prison in Warren, Maine. Defendants Averill and LeClair deny the remaining allegations in VI(4).

5.      In response to VI(5) of the Complaint, Defendants Averill and LeClair admit that Plaintiff was housed in a cell in the infirmary with beds for three inmates. Defendants Averill and LeClair deny the remaining allegations in VI(5).

6.      In response to VI(6) of the Complaint, Defendants Averill and LeClair admit that in August 2019, inmate Burton was housed with Plaintiff in the three-person cell in the infirmary and that on or about August 26, 2019, another inmate was moved into the three person room. Defendants Averill and LeClair deny the remaining allegations in VI(6).

7.      In response to VI(7) of the Complaint, Defendants Averill and LeClair admit that inmate Uffelman was moved into the three-person infirmary room with Plaintiff. Defendants Averill and LeClair deny the remaining allegations in VI(7).

8.      In response to VI(8) of the Complaint, Defendants Averill and LeClair admit that inmate Uffelman is serving a sentence for murder. Defendants Averill and LeClair deny the remainder of the allegations in VI(8).

9.      In response to VI(9) of the Complaint, Defendants Averill and LeClair lack knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny them.

10.      In response to VI(10) of the Complaint, Defendants Averill and LeClair lack knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny them.

11.      In response to VI(11) of the Complaint, Defendants Averill and LeClair lack knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny them.

12.     In response to VI(12) of the Complaint, Defendants Averill and LeClair lack knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny them.

13.     In response to VI(13) of the Complaint, Defendants Averill and LeClair lack knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny them.

14.     In response to VI(14) of the Complaint, Defendants Averill and LeClair lack knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny them.

15.     In response to VI(15) of the Complaint, Defendants Averill and LeClair lack knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny them.

16.     In response to VI(16) of the Complaint, Defendants Averill and LeClair lack knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny them.

17.     In response to VI(17) of the Complaint, Defendants Averill and LeClair admit that there is an entry in the Department of Corrections' offender information management systems ("CORIS") by Officer Reid regarding Uffelman and Plaintiff. Defendants Averill and LeClair otherwise deny the allegations in VI(17).

18.     In response to VI(18) of the Complaint, Defendants Averill and LeClair admit that there is an entry in the Department of Corrections' offender information management systems ("CORIS") by Officer Reid regarding Uffelman and Plaintiff. Defendants Averill and LeClair otherwise deny the allegations in VI(18).

19.     In response to VI(19) of the Complaint, Defendants Averill and LeClair admit
that Uffelman was moved out of the three-person infirmary room. Defendants Averill and
LeClair otherwise deny the allegations in VI(19).

20.     In response to VI(20) of the Complaint, Defendants Averill and LeClair deny the
allegations.

21.     In response to VI(21) of the Complaint, Defendants Averill and LeClair admit on
September 14, 2019, Defendant LeClair informed Plaintiff and his cellmate that inmate Uffelman
was going to move into the three-person infirmary room. Defendants Averill and LeClair
otherwise deny the allegations in VI(21).

22.     In response to VI(22) of the Complaint, Defendants Averill and LeClair admit
that Plaintiff told Defendant LeClair that Plaintiff opposed Uffelman being moved into the three-
person room. Defendants Averill and LeClair otherwise deny the allegations.

23.     In response to VI(23) of the Complaint, Defendants Averill and LeClair deny the
allegations.

24.     In response to VI(24) of the Complaint, Defendants Averill and LeClair admit
that Defendant LeClair told Plaintiff and his cellmate that inmate Uffelman was being moved
into the three-person room. Defendants Averill and LeClair otherwise deny the allegations in
VI(24).

25.     In response to VI(25) of the Complaint, Defendants Averill and LeClair admit
that Uffelman was moved into the three-person room. Defendants Averill and LeClair lack
knowledge or information sufficient to form a belief as to the truth of the remaining allegations
in VI(25) and on that basis deny them.

26.     In response to VI(26) of the Complaint, Defendants Averill and LeClair lack

knowledge or information sufficient to form a belief as to the truth of the allegations and on that

basis deny them.

27.     In response to VI(27) of the Complaint, Defendants Averill and LeClair lack

knowledge or information sufficient to form a belief as to the truth of the allegations and on that

basis deny them.

28.     In response to VI(28) of the Complaint, Defendants Averill and LeClair lack

knowledge or information sufficient to form a belief as to the truth of the allegations and on that

basis deny them.

29.     In response to VI(29) of the Complaint, Defendants Averill and LeClair lack

knowledge or information sufficient to form a belief as to the truth of the allegations and on that

basis deny them.

30.     In response to VI(30) of the Complaint, Defendants Averill and LeClair lack

knowledge or information sufficient to form a belief as to the truth of the allegations and on that

basis deny them.

31.     In response to VI(31) of the Complaint, Defendants Averill and LeClair deny the

allegations.

32.     In response to VI(32) of the Complaint, Defendants Averill and LeClair lack

knowledge or information sufficient to form a belief as to the truth of the allegations and on that

basis deny them.

33.     In response to VI(33) of the Complaint, Defendants Averill and LeClair admit the

allegations.

34.     In response to VI(34) of the Complaint, Defendants Averill and LeClair deny the allegations.

35.     In response to VI(35) of the Complaint, Defendants Averill and LeClair deny the allegations.

36.     In response to VI(36) of the Complaint, Defendants Averill and LeClair deny the allegations.

37.     In response to VI(37) of the Complaint, Defendants Averill and LeClair lack knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny them.

38.     In response to VI(38) of the Complaint, Defendants Averill and LeClair admit that inmate Uffelman was found standing in the three-man cell, holding two ball-point pens, and that Uffelman injured Plaintiff's right eye. Defendants Averill and LeClair lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in VI(38) and on that basis deny them.

39.     In response to VI(39) of the Complaint, Defendants Averill and LeClair admit that inmate Uffelman injured Plaintiff's right eye. Defendants Averill and LeClair otherwise deny the allegations in VI(39).

40.     In response to VI(40) of the Complaint, Defendants Averill and LeClair deny the allegations.

41.     In response to VI(41) of the Complaint, Defendants Averill and LeClair deny the allegations.

8

42.     In response to VI(42) of the Complaint, Defendants Averill and LeClair admit

that Defendant Averill ordered inmate Uffelman to drop the pens and that Uffelman complied.

Defendants Averill and LeClair otherwise deny the allegations in VI(42).

43.     In response to VI(43) of the Complaint, Defendants Averill and LeClair lack

knowledge or information sufficient to form a belief as to the truth of the allegations and on that

basis deny them.

44.     In response to VI(44) of the Complaint, Defendants Averill and LeClair admit

that inmate Uffelman was removed from the three-person cell, that Plaintiff was immediately

examined by medical staff, and that medical staff contacted Wellpath Regional Medical Director

Dr. Robert Clinton. Defendants Averill and LeClair otherwise deny the allegations in VI(44).

45.     In response to VI(45), Defendants Averill and LeClair admit that prison staff

transported Plaintiff to Pen Bay Medical Center. Defendants Averill and LeClair otherwise deny

the allegations in VI(45).

46.     In response to VI(46) of the Complaint, Defendants Averill and LeClair lack

knowledge or information sufficient to form a belief as to the truth of the allegations and on that

basis deny them.

47.     In response to VI(47) of the Complaint, Defendants Averill and LeClair lack

knowledge or information sufficient to form a belief as to the truth of the allegations and on that

basis deny them.

48.     In response to VI(48) of the Complaint, Defendants Averill and LeClair lack

knowledge or information sufficient to form a belief as to the truth of the allegations and on that

basis deny them.

49.     In response to VI(49) of the Complaint, Defendants Averill and LeClair lack knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny them.

50.     In response to VI(50) of the Complaint, Defendants Averill and LeClair lack knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny them.

51.     In response to VI(51) of the Complaint, Defendants Averill and LeClair lack knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny them.

52.     In response to VI(52) of the Complaint, Defendants Averill and LeClair lack knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny them.

53.     In response to VI(53) of the Complaint, Defendants Averill and LeClair lack knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny them.

54.     In response to VI(54) of the Complaint, Defendants Averill and LeClair admit that Plaintiff returned to the infirmary at Maine State Prison on September 15, 2019. Defendants Averill and LeClair lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in VI(54) and on that basis deny them.

55.     In response to VI(55) of the Complaint, Defendants Averill and LeClair lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in VI(55) and on that basis deny them

56.     In response to VI(56) of the Complaint, Defendants Averill and LeClair admit that Plaintiff submitted a grievance to Defendant Averill on October 3, 2019, regarding the September 15, 2019 incident. Defendants Averill and LeClair otherwise deny the allegations in VI(56).

57.     In response to VI(57) of the Complaint, Defendants Averill and LeClair admit that on October 5, 2019, Defendant Averill returned the grievance to Plaintiff. Defendants Averill and LeClair further state that this grievance form speaks for itself.  Defendants Averill and LeClair otherwise deny the allegations in VI(57).

58.      In response to VI(58) of the Complaint, Defendants Averill and LeClair admit that there is a CORIS entry by Officer Reid dated August 26, 2019, regarding Plaintiff and inmate Uffelman. Defendants Averill and LeClair otherwise deny the allegations in VI(58).

59.     In response to VI(59) of the Complaint, Defendants Averill and LeClair deny the allegations.

60.     In response to VI(60) of the Complaint, Defendants Averill and LeClair lack knowledge or information sufficient to sufficient to state whether Defendant Averill reviewed the log book or August 26, 2019 CORIS entry before responding to the grievance and on that basis deny the allegations.

61.     In response to VI(61) of the Complaint, Defendants Averill and LeClair admit that Grievance Review Officer G. Millard received Plaintiff's grievance on October 7, 2019. Defendants Averill and LeClair otherwise lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in VI(61) and on that basis deny them.

62.     In response to VI(62) of the Complaint, Defendants Averill and LeClair admit that Department of Corrections policy requires the Grievance Review Officer to respond in

writing within thirty days of receiving a grievance form. Defendants Averill and LeClair deny the remaining allegations in VI(62).

63.      In response to VI(63) of the Complaint, Defendants Averill and LeClair lack knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny them.

64.      In response to VI(64) of the Complaint, Defendants Averill and LeClair lack knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny them.

65.       In response to VI(65) of the Complaint, Defendants Averill and LeClair lack knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny them.

66.      In response to VI(66) of the Complaint, Defendants Averill and LeClair admit that on October 9, 2019, Defendant LeClair told Plaintiff that inmate Uffelman was being moved back into the infirmary. Defendants Averill and LeClair deny the remaining allegations in VI(66).

67.      In response to VI(67) of the Complaint, Defendants Averill and LeClair admit that on October 9, 2019, Defendant LeClair told Plaintiff that inmate Uffelman would be in the infirmary on ad-seg status and would only come out of his room for recreation, during which time the rest of the pod would be locked down. Defendants Averill and LeClair otherwise deny the allegations in VI(67).

68.      In response to VI(68) of the Complaint, Defendants Averill and LeClair admit that Plaintiff consented to inmate Uffelman being moved back into the infirmary. Defendants Averill and LeClair otherwise deny the allegations in VI(68).

69.     In response to VI(69) of the Complaint, Defendants Averill and LeClair admit the allegations.

70.     In response to VI(70) of the Complaint, Defendants Averill and LeClair lack knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny them.

71.     In response to VI(71) of the Complaint, Defendants Averill and LeClair deny the allegations.

72.     In response to VI(72) of the Complaint, Defendants Averill and LeClair deny the allegations.

73.     In response to VI(73) of the Complaint, Defendants Averill and LeClair lack knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny them.

74.     In response to VI(74) of the Complaint, Defendants Averill and LeClair lack knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny them.

Paragraph VII(A)(1) of the Complaint contains legal conclusions that require no response. To the extent that Paragraph VII(A)(1) contains factual allegations, Defendants Averill and LeClair deny the allegations.

Paragraph VII(A)(2) of the Complaint contains legal conclusions regarding the breach of an alleged duty that require no response. To the extent that Paragraph VII(A)(2) contains factual allegations, Defendants Averill and LeClair deny the allegations.

Paragraph VII(A)(3) of the Complaint contains legal conclusions that require no response. To the extent a response is required, Defendants Averill and LeClair deny the allegations.

Paragraph VII(A)(4) of the Complaint contains legal conclusions that require no response. To the extent a response is required, Defendants Averill and LeClair deny the allegations.

Paragraph VII(B)(5) of the Complaint contains legal conclusions that require no response. To the extent a response is required, Defendants Averill and LeClair deny the allegations.

Paragraph VII(B)(6) of the Complaint contains legal conclusions that require no response. To the extent a response is required, Defendants Averill and LeClair deny the allegations.

Paragraph VII(B)(7) of the Complaint contains legal conclusions that require no response. To the extent a response is required, Defendants Averill and LeClair deny the allegations.

VIII. Defendants Averill and LeClair deny that Plaintiff is entitled to any relief for mental or emotional suffering. Defendants Averill and LeClair lack knowledge or information sufficient to form a belief as to the truth of the factual allegations in VIII and on that basis deny them.

IX(A-E). Defendants Averill and LeClair deny that Plaintiff is entitled to any relief. Defendants Averill and LeClair request Plaintiff's Complaint be dismissed and judgment be entered in favor of Defendants Averill and LeClair and against Plaintiff, and that Defendants Averill and LeClair be awarded costs, attorneys' fees, and expenses, and any other relief deemed necessary.

## AFFIRMATIVE DEFENSES

Without admitting any of the allegations in the Complaint and without admitting or acknowledging that Defendants bear any burden of proof as to any of them, Defendants assert the following affirmative defenses. Defendants intend to rely upon any additional defenses that become available or apparent during pretrial proceedings and discovery in this action and herby reserve the right to amend this answer to assert all such further defenses.

1.      The complaint fails to state facts sufficient to constitute a claim against the answering Defendants, jointly or individually.

2.      Defendants assert that no Defendant acted with malicious intent or with reckless disregard for Plaintiff's rights and therefore no Defendant is liable for punitive or exemplary damages.

3.      No Defendant deprived Plaintiff of any right or privilege guaranteed by the Constitution or laws of the United States.

4.      Defendants allege that, at all relevant times, their actions were reasonably related to achieving legitimate penological goals.

5.      Defendants allege that at all times mentioned, the acts complained of were privileged under applicable statutes and case law.

6.      Defendants allege that at all times mentioned, the acts complained of were justified and thus Plaintiff is barred from recovery.

7.      Defendants allege that at all times mentioned, Defendants complied with the applicable standard of care, at the applicable time and location.

8.      Defendants allege that Plaintiff engaged in conduct and activities with respect to the subject of this action, and by reason of such conduct, is estopped from asserting claims for damages or seeking other relief against Defendants.

9.      The actions taken by Defendants were reasonable under the circumstances and taken under a good faith belief that the actions were not unlawful and Defendants are thus immune under the qualified immunity doctrine.

10.     Some or all of Plaintiff's claims are barred by his failure to present a timely or sufficient claim as required by the Maine Tort Claims Act, 14 M.R.S.A. § 8101 et seq.

11.     Plaintiff has failed to mitigate his damages, if any, and is therefore barred from recovery against Defendants.

12.     As to each cause of action and to the extent Plaintiff has previously litigated the issues raised in the Complaint, they are barred by the doctrines of res judicata or collateral estoppel.

13.     Some or all of Plaintiff's claims are barred or otherwise limited by the doctrine of waiver.

14.     Some or all of Plaintiff's claims are barred or otherwise limited by the doctrine of unclean hands.

15.     Some or all of Plaintiff's claims are barred or otherwise limited by the doctrine of laches.

16.     Some or all of Plaintiff's claims are barred, limited, or controlled by the Prison Litigation Reform Act, including, but not limited to, the Act's exhaustion requirement (42 U.S.C. § 1997e(a)).

17.     Defendants allege that, to the degree that any liability is found, such fault must be apportioned to others in whole or part, such as Plaintiff, inmate Uffelman, and other parties.

18.     Any and all damage or injury allegedly sustained by Plaintiff resulted not from the conduct or acts of Defendants, but from the conduct or acts of Plaintiff or other persons.

19.     The acts or omissions of Defendants alleged to constitute a constitutional violation or negligence were not substantial causes or factors in the alleged injuries sustained by Plaintiff.

20.     Some or all of Plaintiff's claims are barred by the doctrine of sovereign immunity, the Eleventh Amendment, or both.

21.     Defendants did not act with deliberate indifference or any requisite state of mind for any alleged constitutional violation.

22.     Plaintiff is not entitled to declaratory relief. Declaratory relief is unavailable to solely have the Court declare that actions of government Defendants have violated Plaintiff's rights.

## **PRAYER FOR RELIEF**

Defendants pray as follows:

1.  That Plaintiff take nothing by reason of this action;

2.  That the Court enter judgment in Defendants' favor;

3.  For costs of suit and attorney's fees;

4.  For such other relief as the Court otherwise deems appropriate.

## DEMAND FOR JURY TRIAL

In addition, Defendants Averill and LeClair demand a trial by jury in this case.


Dated:  April 22, 2020                           Respectfully submitted,

                                                 AARON M. FREY
                                                 Attorney General of Maine

                                                 /s/ Jillian R. O'Brien
                                                 JILLIAN R. O'BRIEN, Bar No. 6225
                                                 Assistant Attorney General
                                                 Office of the Attorney General
                                                 6 State House Station
                                                 Augusta, ME  04333-0006
                                                 Tel.:  (207) 626-8800
                                                 Fax: (207) 287-3145
                                                 jill.obrien@maine.gov

                                                 **ATTORNEYS FOR DEFENDANTS THOMAS
                                                 AVERILL & MATTHEW LECLAIR**

**CERTIFICATE OF SERVICE**

I hereby certify that on April 22, 2020, I electronically filed the above document with the

Clerk of Court using the CM/ECF system and mailed a copy of said document by First Class Mail,

postage prepaid to:

Jon R. Adams
MDOC #13557
Maine Correctional Center
17 Mallison Falls Rd.
Windham, ME 04062

/s/ Jillian R. O'Brien
JILLIAN R. O'BRIEN, Bar No. 6225
Assistant Attorney General
Office of the Attorney General
6 State House Station
Augusta, ME  04333-0006
Tel.:  207-626-8800
Fax:  207-287-3145
jill.obrien@maine.gov