UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JON R. ADAMS, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | )   1:19-cv-00547-GZS |
| | ) |
| MATTHEW MAGNUSSON, et al., | ) |
| | ) |
| Defendants | ) |

**ORDER ON DEFENDANTS' MOTION TO STAY**

Defendants ask the Court to stay further proceedings in this matter pending the conclusion of a criminal matter arising out of the subject matter of Plaintiff's claims in this case. (Motion to Stay, ECF No. 34.)  Plaintiff does not oppose the motion.  After consideration of the relevant issues, the Court grants the motion.

### BACKGROUND

Plaintiff, formerly an inmate at the Maine State Prison and now an inmate at the Maine Correctional Center, alleges that Defendants failed to protect him from an assault by another inmate, Richard Uffelman, which assault allegedly occurred in September 2019, while Plaintiff and Uffelman were assigned to the prison.  The Knox County District Attorney's office recently filed a criminal complaint against Uffelman, charging Uffelman with Elevated Aggravated Assault (Class A) and Aggravated Assault (Class B). (Criminal Complaint, ECF No. 34-2.)  The complaint alleges the assault occurred on September 15, 2029, and identifies Plaintiff as the victim of the alleged assault.

## DISCUSSION

Defendants contend that a stay is appropriate because the state court criminal proceedings will unreasonably hinder Plaintiff's ability to prosecute and Defendants' ability to defend against the claims made and potentially impact Uffelman's ability to defend against the criminal charges.

"[F]ederal courts possess the inherent power to stay proceedings for prudential reasons," including the pendency of parallel proceedings. *Microfinancial, Inc. v. Premier Holidays Int'l, Inc.*, 385 F.3d 72, 77 (1st Cir. 2004). As the First Circuit has noted, "a district court's discretionary power to stay civil proceedings in deference to parallel criminal proceedings should be invoked when the interests of justice counsel in favor of such a course." *Id*. Whether the existence of a parallel proceeding warrants the stay of a proceeding requires consideration of various interests and is a case-specific inquiry. *Id.* at 78.

The primary factors a court should consider are: "(1) the interests of the civil plaintiff in proceeding expeditiously with the civil litigation, including the avoidance of any prejudice to the plaintiff should a delay transpire; (2) the hardship to the defendant, including the burden placed upon [the defendant] should the cases go forward in tandem; (3) the convenience of both the civil and criminal courts; (4) the interests of third parties; and (5) the public interest." *Id*. Another factor a court should consider, which has been described as "[t]he most important factor," is "the degree to which the civil issues overlap with the criminal issues." J. Milton Pollack, *Parallel Civil & Criminal Proceedings*, 129 F.R.D. 201, 203 (1989).

While the issues in Plaintiff's claim against Defendants are not limited to the alleged assault, the alleged assault and the circumstances preceding it are central to Plaintiff's claim. The issues in the civil and criminal matters thus overlap significantly. In addition, because Plaintiff does not oppose the stay, Plaintiff's interest in "proceeding expeditiously" with the case is not a reason to deny the request for a stay. Furthermore, even though none of the defendants is a party to the criminal matter, the parallel civil and criminal proceedings could present some hardship for Defendants and Plaintiff. The parties' ability to obtain information relevant, if not essential, to their claims and defenses could be impacted by Uffelman's potential assertion of his Fifth Amendment rights in the civil proceeding and by other possible limitations on the availability of information related to the criminal proceeding. *See e.g.*, 16 M.R.S. § 804 (Limitation on dissemination of intelligence and investigative record information).

A stay would not unreasonably inconvenience this Court's management of the civil matter. In fact, some discovery and scheduling issues would likely be avoided if the civil matter is stayed until completion of the criminal matter. Uffelman's interest (i.e., the interest of a third party) in defending the criminal matter without having to respond to discovery in the civil case, potentially testify in or assert his Fifth Amendment in the civil case, and have to monitor the civil proceeding to assure his interests are protected is of some import. The public interest in assuring that the criminal matter, which involves serious charges, proceeds to a conclusion without any delay that might be generated by the participation of Plaintiff and employees of the prison in a parallel civil proceeding weighs in favor of a stay.

## CONCLUSION

After consideration of all the relevant factors, the Court concludes a stay is warranted. The Court, therefore, grants Defendants' motion to stay. The matter is stayed until further order of the Court. Defendants shall file a status report on or about September 15, 2020.

## **NOTICE**

Any objections to this order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 28th day of May, 2020.