UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JON R. ADAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 1:19-cv-00547-GZS |
| | ) |
| MATTHEW MAGNUSSON, et al., | ) |
| | ) |
| Defendants | ) |

### ORDER ON PLAINTIFF'S MOTION
### FOR LEAVE TO FILE AMENDED COMPLAINT

Plaintiff moves to amend his complaint to include several additional factual assertions in support of his claims. (Motion to Amend, ECF No. 72; Proposed Amended Complaint, ECF No. 75.) Defendants oppose the motion. Following review of the parties' arguments and the record, the Court denies the motion.

#### STANDARD OF REVIEW

Rule 15(a)(1) of the Federal Rules of Civil Procedure permits a litigant to amend a pleading "as a matter of course" subject to certain time constraints. However, when a party seeks to amend a complaint more than 21 days after the filing of a responsive pleading, the other party's consent or leave of court is required in order to amend the complaint. Fed. R. Civ. P. 15(a)(2). In such a case, the court is to grant leave to amend "freely" when "justice so requires." *Id.*; *see also Foman v. Davis,* 371 U.S. 178, 182 (1962) ("In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed,

undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'").

The standard is elevated when the motion to amend is filed after the court's scheduling order deadline for amendment of pleadings.  A motion to amend that is filed beyond the deadline established in a scheduling order requires an amendment of the scheduling order. To obtain an amendment of the scheduling order, a party must demonstrate good cause. *Johnson v. Spencer Press of Maine, Inc.*, 211 F.R.D. 27, 30 (D. Me. 2002); *El–Hajj v. Fortis Benefits Ins. Co.,* 156 F. Supp. 2d 27, 34 (D. Me. 2001); Fed. R. Civ. P. 16(b)(4).

A court's decision on good cause "focuses on the diligence (or lack thereof) of the moving party more than it does on any prejudice to the party-opponent." *Steir v. Girl Scouts of the USA,* 383 F.3d 7, 12 (1st Cir. 2004).  "Particularly disfavored are motions to amend whose timing prejudices the opposing party by 'requiring a re-opening of discovery with additional costs, a significant postponement of the trial, and a likely major alteration in trial tactics and strategy.'" *Id.* (quoting *Acosta–Mestre v. Hilton Int'l of P.R., Inc.,* 156 F.3d 49, 52 (1st Cir. 1998)).  Ultimately, it falls to the court's discretion whether to grant a motion to amend, and that discretion should be exercised based on the particular facts and circumstances of the case.  *Id.*

## DISCUSSION

Plaintiff commenced this action with the filing of a complaint in state court in October, 2019.   After the matter was removed to this Court and following a review of Plaintiff's complaint in accordance with 28 U.S.C. §§ 1915 and 1915A, the Court issued a

Scheduling Order. (ECF No. 29.) In the Scheduling Order, the Court established July 8, 2020, as the deadline for the parties to amend the pleadings. Although the Court subsequently extended certain Scheduling Order deadlines, the Court did not extend the amendment deadline. Discovery is currently due to close on June 30, 2021.

In his motion to amend, Plaintiff offers no reason for the fact he did not request the amendment before July 8, 2020, or at any time prior to April 2, 2021, the date he filed the motion to amend. Furthermore, according to Defendants, the amendment would require "a repeat of extensive discovery and Defendants' investigation, repeated interviews of the eight non-parties already interviewed, … and potentially another deposition of the Plaintiff." (Defendants' Response at 4, ECF No. 78.)

Given the timing of the motion, the lack of any explanation for the delay in filing the motion, and the delay in the resolution of the matter that would likely result from the additional investigation and discovery that Defendants assert would be necessary if the amendment were allowed, the Court does not find good cause to permit the amendment.

## CONCLUSION

Based on the foregoing analysis, the Court denies Plaintiff's motion to amend his complaint.[1]

---

[1] To the extent Plaintiff's proposed amended complaint includes reference to facts or other evidence that would be relevant to Plaintiff's claims, the Court's denial of the motion should not be construed as a determination that Plaintiff cannot present the facts and evidence in support of his claims. The Court has made no determination whether the evidence would be admissible at trial or in any motion practice.

## **NOTICE**

Any objections to this order shall be filed in accordance with Federal Rule of Civil Procedure 72.

>/s/ John C. Nivison
>U.S. Magistrate Judge

Dated this 24th day of May, 2021.