UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| JON R. ADAMS, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:19-cv-00547-GZS |
| | ) | |
| MATTHEW MAGNUSSON, et al., | ) | |
| | ) | |
| Defendants | ) | |

**RECOMMENDED DECISION ON MOTION FOR PRELIMINARY INJUNCTION/MOTION FOR TEMPORARY RESTRAINING ORDER**

Plaintiff, an inmate at the Maine Correctional Center (MCC), seeks immediate injunctive relief based on alleged retaliatory action taken by Scott Landry, the warden of MCC, and Unit Manager Charles Dame. (Motion, ECF No. 100.)

When evaluating a request for injunctive relief, courts "must consider (1) the likelihood of success on the merits; (2) the potential for irreparable harm if the injunction is denied; (3) the balance of relevant impositions, i.e., the hardship to the nonmovant if enjoined as contrasted with the hardship to the movant if no injunction issues; and (4) the effect (if any) of the court's ruling on the public interest." *Ross–Simons of Warwick, Inc. v. Baccarat, Inc.,* 102 F.3d 12, 15 (1st Cir. 1996) (citing *Weaver v. Henderson,* 984 F.2d 11, 12 & n.3 (1st Cir. 1993), and *Narragansett Indian Tribe v. Guilbert,* 934 F.2d 4, 5 (1st Cir. 1991)). "The sine qua non of this four-part inquiry is likelihood of success on the merits; if the moving party cannot demonstrate that he is likely to succeed in his quest, the remaining

factors become matters of idle curiosity." *New Comm Wireless Servs., Inc. v. SprintCom, Inc.*, 287 F.3d 1, 9 (1st Cir. 2002).

In his complaint, Plaintiff seeks to recover damages for injuries he sustained when he was assaulted in 2019 by another inmate when he was incarcerated at the Maine State Prison. Through his motion, he contends injunctive relief is warranted due to the actions in 2021 of two individuals who are not parties to this case. Plaintiff's claim of retaliation is not based on the claim Plaintiff asserts in his complaint. Plaintiff thus has not demonstrated that he is likely to prevail on the claim he asserts in this case and, therefore, he has failed to establish that he is entitled to injunctive relief against the defendants in this case. *See Bryant v. Nolan*, No. CIV.A.09-2672(JBS), 2009 WL 2843902, at *2 (D.N.J. Sept. 1, 2009) (rejecting request for temporary restraining order in part because "the movants ask for relief from different defendants, and on grounds different from those of the complaint"). Accordingly, I recommend the Court deny Plaintiff's motion for injunctive relief.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 6th day of July, 2021.